IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO.  05-30038-01-GPM |
| | ) |
| ARRION SANDERS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Arrion Sanders filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 97).  In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Sanders on his motion (Doc. 98).  To date, appointed counsel has not filed anything on Sanders's behalf.

Sanders was sentenced to a total term of imprisonment of 180 months on December 12, 2005. This term consisted of 120 months for conspiracy to distribute 50 grams or more of crack cocaine (Count 1); 108 months for distribution of crack cocaine (Counts 4, 5, 7, 9), to run concurrently with each other and with Count 1; and 60 months for using or carrying a firearm during a drug-trafficking crime (Count 2), to run consecutive to the terms imposed on Counts 1, 4, 5, 7, and 9.  Although the guideline range on Counts 1, 4, 5, 7, and 9 was 108 months to 135 months, the conspiracy charge in Count 1 carried a 10-year statutory minimum.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Sanders is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Sanders seems to argue that his sentence may be reduced below the mandatory minimum because he has assisted the Government (*see* Doc. 99). But Sanders is confusing a reduction of sentence under Federal Rule

of Criminal Procedure 35, which authorizes a sentence below a mandatory minimum, and a reduction under § 3582(c)(2), which does not.  Sanders has in fact received a sentence reduction under Rule 35 reducing his total term of imprisonment from 180 months to 120 months.  But that does not affect the analysis under § 3582; because his guideline range has not been lowered, he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the motion for a sentence reduction (Doc. 97) is **DISMISSED** for lack of jurisdiction.  The Office of the Federal Public Defender is **withdrawn** from its representation of Sanders in this matter.  The Clerk of Court is **DIRECTED** to mail a copy of this order to Defendant Arrion Sanders, #06920-025, Memphis FCI (Millington), Federal Prison Camp, P.O. Box 2000, Millington, TN 38083.

**IT IS SO ORDERED.**

DATED:  06/23/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge